**BD. OF EDUCATION OF MONROE TWP. Etc. v MILLER et**

Ohio Appeals, 2nd Dist., Preble Co.

Decided May 13, 1941

James R. Spellman, Columbus, for defendants-appellants.

John M. Kiracofe, Eaton, prosecuting attorney, for plaintiff-appellee, Board of Education.

## OPINION

By HORNBECK, J.

This is an appeal from a money judgment in favor of the plaintiff and against the defendants.

The cause was submitted in the trial court and is presented here upon an agreed statement of facts, which, insofar as pertinent, is as follows: That the plaintiff adopted a resolution for the deposit of its school funds in a bank and that the Farmers' State Bank of Eldorado, Ohio, offered 'a proposal as a depository; that the contract for the deposit of money was filled in and signed by the bank and board of education; that the contract was accepted by the board and the funds deposited in the bank; that on January 15, 1932, a paper writing entitled "Depository Bond to Board of Education," was signed by R. A. Miller, O. H. Mastin, C D. Emrick, Jacob Ricker, James Markey, Charles A. Benson, Irvin Kimmel, and M. O. Miller; that the words, "Executed" and "presence" were scratched out with a pen after signing of the first five in the presence of Charles A. Benson and the names, "Irvin Kimmel" and "M. O. Miller" were added afterwards; that the principal bank is not a signer upon the bond; that "there is no designation on the bond as to whether any signatures are principals, sureties or in any official capacities represented the bank;" that R. A. Miller, O. H. Mastin, C. D. Emrick, Jacob Ricker, James Markey, Irvin Kimmel and M. O. Miller, at the time of the execution of the bond hereinbefore referred to were the individual members of the board of directors of the Farmers' State Bank of Eldorado and were serving as such directors at the time of the execution of the bond and continued in that capacity until the close of the bank by the State Banking Department;

that no other purported bond or security was furnished the board of education except the one as herein stated; that the Farmers' State Bank, wherein the money was deposited, failed and that the deposit of the board of education received pro rata in the assets of the bank in a liquidation proceeding in the State Banking Department of the State of Ohio and that no action was filed against the board of education, as such, nor against the bank, as such, in order to collect any deficiency; that the amount of deficiency is $3966.24.

Exhibits Nos. 1, 2, 3, 4 and 5 were offered and accepted as evidence by agreement of counsel.

It is agreed that the questions before the court are as follows: (1) Was the action of the board of education in their resolution-contract and acceptance as drawn and endorsed by them, a legal contract, resolution and acceptance? (2) Was the purported bond a legal and proper bond for security? (3) Are the various defendants herein bound as sureties on the bond where the principal does not appear and where the resolution was drawn and accepted without specifying who the principals or sureties are? (4) It is agreed that the names, R. A. Miller, O. H. Mastin, C. D. Emrick, Jacob Ricker, and James Markey, whose names appear at the bottom right-hand side of the paper, signed the document in the presence of Charles A. Benson, as witness and that sometime thereafter Irvin Kimmel and M. O. Miller signed immediately under the name of Charles A. Benson and that the words "executed" and "presence" were obliterated; and in this last agreement the question before the court is—Is there any difference, if the court finds the first five liable, in the signature of the last two? We assume that this last question is whether or not

there is any difference in the liability between that of the first five and the last two if the first five are found to be liable.

We answer all four of the propounded questions in the affirmative and are satisfied that the judgment of the trial court is correct and should be affirmed. An examination of the resolution providing for deposit of the school district funds of the board of education of Monroe Township discloses that it is a complete document reciting the meeting of the board in due session, five members present, resolution offered and adopted to accept bids on the average daily balances of the board for a period of two years from January 1, 1932, and the rate of interest not less than 2 per cent per annum on the average daily balances. The next instrument is a proposal for school district funds by a bank and sets forth that the Farmers' State Bank of Eldorado, proposes that it will pay interest at the rate of 2½ per cent .per annum on the average daily balances on all monies belonging to said Monroe school district for a period of two years after January 1, 1932, "and that it will comply in all respects with the laws of Ohio relative to the deposit of such funds and that if designated as a depository, it will furnish as security therefor the bond of the board of directors. Such bond shall be in the amount of $25,000.00." This proposal is signed by the Farmers' State Bank, by its President and attested by its Cashier and carries the seal of the bank. The contract for deposit of the school district funds conforms to the resolution providing for bids and the proposal offered by the bank to pay interest for the school district funds and recites that the board of education has given a good and sufficient bond in the sum of $25,000.00 with the board of

directors as surety thereon. The agreement to pay the rate as set out in the proposal of the bank and the terms under which it is to be paid are set forth in detail and the contract is signed and executed by the board of education of Monroe Township School District, by its President and Clerk. The Farmers' State Bank of Eldorado, Ohio, is a signatory thereto by R. A. Miller, President.

A resolution of the board approving the contract bond and security and awarding deposit of monies is found in the record. Then follows the depository bond to the board of education.

At the outset we direct attention to a conflict between stipulation No. 5 and the purport and effect of exhibit No. 5, the depository bond, which also by agreement is offered in evidence. The stipulation recites that "there is no designation on the bond as to whether any signatures are principals, sureties or in any official capacities represented the bank." Those who signed the bond must be assumed to know its subject matter and to have signed with an appreciation of its meaning and effect. The bond recites that the Farmers' Bank is the principal and board of directors as "suret". which is not contemplated, but there is enough of the word to convince that it is meant to be "surety" or "sureties".

The language of the bond bears no other interpretation than that the Farmers' State Bank is meant to be the principal because it recites that a contract was entered into with the bank for the deposit of monies of the Monroe Township School District. The condition that it shall receive, safely keep and pay over all money which may come under its custody, etc., as set out in the resolution and contract is carried into the bond and was be-

fore each signatory thereto when he placed his name thereon. It is stipulated that Charles A. Benson did not sign the bond in any form other than as a witness to certain signatures thereto but that the other signers applied their names for whatever effect such signatures accomplished.

It is evident that the Farmers' State Bank, as such, is not a signatory to the bond. So that, the question is clearly presented whether or not the other signers thereto are bound by reason of the fact that the principal does not appear thereon. We believe that they are.

It was not requisite that the bank sign the bond to be bound to the board, though not on the bond. It would be so held independent of its signature on the bond under its proposal contract and proof that the funds were deposited with it. It clearly appears that the independent signers to the bond put their names thereto with the intention of being bound and as sureties. No other conclusion can be adduced and they were to be bound, not as principals but as sureties.

The fact that from the language "executed in presence of" there is stricken out "executed" and "presence" does not affect the instrument because in no sense could it relate to any of the material elements of the bond. No signer thereto was misled to his prejudice by virtue of the fact that the words were stricken after five of the makers of the bond had signed their names thereto.

The case of **Johnson v Johnson, 31 Oh St 131**, is helpful authority on our question of analogy. In the cited case, Margaret Johnson had noted an appeal from the decision of the Probate Court upon certain exceptions to an account and an

appeal bond was perfected. Two sufficient sureties signed the bond but Margaret Johnson, the principal thereon, did not sign. At the time the bond was given the law provided that the written undertaking should be executed on the part of the person appealing. Notwithstanding this express provision of statute the court held that the appeal bond was good without the signature of the appellant thereto.

The judgment will be affirmed.

GEIGER, PJ. and Barnes, J., concur.